# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | |
|---|---|
| ELGIN WAYNE LONG,<br>  Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>  Respondent. | §<br>§<br>§<br>§   Civil Action No. 4:08-CV-331-Y<br>§<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Elgin Wayne Long, TDCJ # 822317, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in New Boston, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

Long is serving an eighteen-year sentence for his 1998 conviction for possession of a

controlled substance in the District Court of Palo Pinto County, Texas. (State Habeas R.)[1] He has a prior 1974 conviction for murder in the 97th Judicial District Court of Archer County, Texas. (*Id.*) To no avail, Long sought administrative review in January 2007, and, on December 17, 2007, he filed a state habeas application, complaining, as he does now, of TDCJ's use of his prior 1974 murder conviction to deny him mandatory supervision release. (*Id.*; Resp't Answer, Exhibit E) This federal petition for writ of habeas corpus was filed on May 3, 2008.

### D. ISSUES

Generally, Long complains that, although he was originally designated as a mandatory supervision prospect, TDCJ's use of his 1974 murder conviction to deny his release to mandatory supervision violates his constitutional rights. (Petition at 6-7)

### E. STATUTE OF LIMITATIONS

Quarterman asserts that Long's petition should be dismissed with prejudice as time-barred. (Resp't Answer at 4-11)

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing

---

[1] The state habeas record is not paginated.

> by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

The statutory provision set forth in subsection (D) governs when the limitations period in this case began to run, namely, the date on which Long could have discovered, through the exercise of due diligence, the factual predicate of his claims. For purposes of this provision, the factual predicate of Long's claims was discoverable through due diligence at the time of his conviction on March 12, 1998. Under Texas law, eligibility for mandatory supervision is determined by the statute in effect at the time the holding offense was committed. *See Ex parte Hall*, 995 S.W.2d 151, 152 (Tex. Crim. App. 1999). Under the state statute in effect when Long committed the instant offense on November 1, 1997, he is not, and was never, eligible for release to mandatory supervision on his 18-year sentence because of his 1974 murder conviction. *See* Act of May 12, 1997, 75th Leg. R.S., ch. 238, § 1, 1997 Tex. Gen. Laws 1160 (effective May 23, 1997) (currently TEX. GOV'T CODE ANN. § 508.149(a) (Vernon Supp. 2008)). Thus, a petition raising Long's claims was due on March 12, 1999, absent any applicable tolling.[2]

---

[2]Even if the Court were to begin the limitations period under subsection (D) when TDCJ first
(continued...)

His state habeas application filed after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Long alleged or demonstrated exceptional circumstances that prevented him from filing a timely petition to warrant equitable tolling of the limitations period. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Long's federal petition was due on or before March 12, 1999; thus, his petition filed on May 3, 2008, was filed beyond the limitations period and is, therefore, untimely

## II. RECOMMENDATION

Long's petition for writ of habeas corpus should be DISMISSED with prejudice as time barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until October 17, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings,

---

[2](...continued)
notified the Palestine Board Panel that Long was ineligible for mandatory supervision on April 18, 2005, or on Long's projected release date of May 4, 2005, as reflected in the notice of initial discretionary mandatory review, it would not change the outcome. (Resp't Answer, Exhibits B & C)

conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until October 17, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 26, 2008.

       /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE